UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN WOODS,

    Plaintiff,

v.

GATEWAY PACKAGING COMPANY LLC,

    Defendant.

Case No. 3:17-cv-01027-JPG-RJD

## MEMORANDUM & ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on defendant Gateway Packaging Company LLC's (Gateway's) motion to set aside the entry of default. (Doc. 15.) For the foregoing reasons, the Court **GRANTS** Gateway's motion.

### I. BACKGROUND

Plaintiff John Woods filed this case on September 25, 2017. (Doc. 1.) On October 2, 2017, Woods served Gateway's registered agent with a copy of the summons and complaint by certified mail. (Doc. 7.) Gateway's answer was due by October 23, 2017. *Id.* Gateway failed to plead or otherwise defend the case by that date, however, and Woods moved for entry of default on October 27, 2017. (Doc. 8.) The Clerk entered default against Gateway on October 31, 2017. (Doc. 10.) On November 7, Woods moved for a default judgment. (Doc. 11.)

On November 8, Gateway simultaneously filed an answer to the complaint and a motion asking this Court to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c). (Docs. 14–15.) In their motion, Gateway claims that their registered agent and chief financial officer—Joseph Italiano—did not know that the summons and complaint had been served on Gateway until Gateway learned of Woods's motion for entry of default in the case.

1

(Doc. 15, ¶¶ 3–4.) They argue that (1) good cause exists to set aside the default because their answer was only 16 days late; (2) they took prompt action to correct the default; (3) their answer demonstrates that they have a meritorious defense to the suit; and (4) their late answer is not the type of "extreme situation" in which a default should be used. Woods has filed a response that argues good cause to overturn the default does not exist here because Gateway should be bound to the failings of their registered agent.

## II. ANALYSIS

Federal Rule of Civil Procedure 55(c) provides that a court may set aside entry of default for good cause. The Court should do so if the defendant shows (1) good cause for his default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994); *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1401 (7th Cir. 1993); *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989).

Here, Gateway has met all three elements. First, they have showed good cause for the default through a simple and short-lived mistake by their registered agent. Second, they took quick action to correct it: within 16 days, they filed their answer and asked this Court to set aside the entry of default. Third, while the Court will not comment on this stage on the legal arguments in the answer, Gateway has asserted what could amount to be a meritorious defense. Accordingly, they have met their burden under Rule 55(c). As a final matter, the Court will not grant the defendant's request within his response for attorney's fees at this time.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Gateway's motion to set aside the entry of default. (Doc. 15.) The Clerk of Court is **DIRECTED** to strike the entry of default. Woods's motion for default judgment (Doc. 11) is found **MOOT**.

**IT IS SO ORDERED.**
**DATED: NOVEMBER 16, 2017**

**s/ *J. Phil Gilbert***
**J. PHIL GILBERT**
**DISTRICT JUDGE**