# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN WOODS,

    Plaintiff,

v.

GATEWAY PACKAGING COMPANY LLC,

    Defendant.

Case No. 3:17-cv-01027-JPG-RJD

## MEMORANDUM & ORDER

## J. PHIL GILBERT, DISTRICT JUDGE

This matter comes before the Court on plaintiff John Woods's Motion for Reconsideration. (Doc. 22.) In his motion, Woods claims that the Court erred when it granted defendant Gateway Packaging Company's motion to set aside the entry of default. (*See* Docs. 20, 15.) Woods does not indicate, however, under which procedural rule he brings this new motion. The Court will thus construe it as a motion to reconsider pursuant to Federal Rule of Civil Procedure 60(b). It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Under Rule 60(b), a court may relieve a party from an order where there is "mistake, inadvertence, surprise, or excusable neglect", "newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial", or "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

Here, Woods has not made any showing as to why he is entitled to Rule 60(b) relief. Woods has gone so far as to subpoena Gateway's registered agent for any documents in connection with the service of the summons and complaint in this case—but that subpoena has not produced any information that the Court did not already take into consideration in its previous order. Moreover, the Court will not grant plaintiff's unsupported request for attorney's fees because, contrary to his assertion, there is no indication here that the defendant has acted in "bad faith, vexatiously, or for oppressive reasons". (*See* Doc. 22, p. 3.) Accordingly, the Court **DENIES** plaintiff's motion for reconsideration. (Doc. 22.)

**IT IS SO ORDERED.**

**DATED: DECEMBER 18, 2017**

> s/ *J. Phil Gilbert*
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**